## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GERALD CARLINE (#326740)**                                  **CIVIL ACTION NO.**

**VERSUS**                                                                **16-734-BAJ-EWD**

**DARREL VANNOY, WARDEN**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 14, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GERALD CARLINE (#326740)                    CIVIL ACTION NO.

VERSUS                                       16-734-BAJ-EWD

DARREL VANNOY, WARDEN

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before this Court is the application of Petitioner Gerald Carline ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's application should be denied as untimely. There is no need for oral argument or for an evidentiary hearing.

I.   **Procedural History**

On January 22, 2010 Petitioner was charged via bill of information in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana ("19th JDC") with possession with the intent to distribute a Schedule II controlled dangerous substance (Lortab), possession with the intent to distribute a Schedule IV controlled dangerous substance (Diazepam), and possession of a legend drug without a license or prescription. On June 15, 2011, Petitioner pled guilty to amended Count I, possession with intent to distribute Schedule III, and as charged to possession with intent to distribute Schedule IV. On June 16, 2011, the trial judge sentenced Petitioner to 30 years at hard labor, straight time, as a habitual offender.

Petitioner did not pursue a direct appeal. On July 16, 2013, Petitioner filed a counseled application for post-conviction relief in the state trial court, asserting 2 claims: (1) his plea was involuntary because he was not advised of the right to object to his habitual offender status and (2) he received ineffective assistance of counsel because his trial counsel did not object to his habitual offender status.

On May 7, 2014, the state trial court denied Petitioner's application for post-conviction relief. On September 8, 2014, the First Circuit denied review.[1] Petitioner subsequently filed a writ of supervisory review with the Louisiana Supreme Court, which was denied on October 28, 2016.[2]

On December 7, 2016, Petitioner filed the instant application for writ of habeas corpus[3] wherein he asserts the following grounds for relief: (1) whether his guilty pleas were "voluntarily, knowingly or intelligently entered, and stipulated as a Fourth Felony Offender was in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution"[4] and (2) whether his trial counsel "rendered ineffective assistance of counsel, in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution."[5]

## II. Timeliness

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. Upon the finality of a petitioner's conviction, the one-year limitations period for filing a federal habeas corpus petition commences to run. The federal limitations statute provides, however, that the time during which a subsequent "properly filed" application for state post-conviction or other collateral review is thereafter "pending" in the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.[6] As a corollary to this rule, any time during which there are no properly filed post-conviction or collateral review proceedings pending before the state courts counts toward the passage of the one-year period. To be considered

---

[1] *State v. Gerald Carline*, 2014 KW 1082, 2014 WL 12569949 (La.App. 1 Cir. 9/8/14).
[2] *State ex rel. Gerald Carline v. State*, 14-KH-2127, 203 So.3d 233 (La. 10/28/16).
[3] R. Doc. 1.
[4] R. Doc. 1, p. 4.
[5] R. Doc. 1, p. 5.
[6] 28 U.S.C. § 2244(d)(2).

2

"properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings.[7] A state post-conviction relief application is considered to be "pending" (1) while it is before a state court for review and also (2) during the interval of time after a lower state court's disposition of an application (thirty days in the State of Louisiana, unless an *allowable* extension is granted) while the petitioner is procedurally authorized by state law to file a timely application for further appellate review at the next level of state consideration.[8]

Here, Petitioner's conviction became final on July 16, 2011, which was 30 days after Petitioner was sentenced.[9] 730 days of untolled time elapsed until Petitioner properly filed his application for post-conviction relief in the state trial court on July 16, 2013. The trial court denied post-conviction relief on May 7, 2014. Petitioner proceeded with review of his application for post-conviction relief at the Louisiana First Circuit, and, finally, at the Louisiana Supreme Court, which denied review of Petitioner's post-conviction application on October 28, 2016. Thereafter, another 39 days of untolled time elapsed until Petitioner filed the instant habeas petition on December 7, 2016. This results in a total of 769 untolled days. Accordingly, Petitioner's habeas application is untimely.

With respect to his ineffective assistance of counsel claim, Petitioner invokes the United States Supreme Court decisions of *Martinez v. Ryan* [10] and *Trevino v. Thaler*,[11] contending that

---

[7] *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[8] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).
[9] *See Williams v. Louisiana,* Civ. No. 10-1521, 2011 WL 1527219, *1 (E.D. La. Mar. 28, 2011) *citing Roberts v. Cockrell,* 319 F.3d 690, 694–95 (5th Cir. 2003), *report and recommendation adopted*, 10-1521, 2011 WL 1527027 (E.D. La. Apr. 20, 2011) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); Louisiana Code of Criminal Procedure article 914 provides, in pertinent part, that a motion for an appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken.
[10] 566 U.S. 1 (2012).
[11] 569 U.S. 413 (2013).

3

the Court should excuse the untimeliness of his federal habeas corpus application and consider the merits of his habeas claims. In *Martinez v. Ryan*, the United States Supreme Court held that a state-imposed procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if there was no counsel in the collateral proceeding or if said counsel was ineffective.  "However, *Martinez* does not address nor provide any remedy when a habeas corpus petition is untimely filed."[12] Nor does *Trevino v. Thaler.*[13] Specifically, "*Martinez* and *Trevino* do not provide a basis for reviewing the merits of an untimely filed federal habeas petition, even if it includes an ineffective assistance of counsel claim."[14]  Accordingly, *Martinez* and *Trevino* provide no support to Petitioner in this case.

Having found Petitioner's application to be untimely, this Court must dismiss the same pursuant to 28 U.S.C. § 2244(d) unless he can establish that he is entitled statutory tolling of the limitations period under § 2244(d)(1)(B) -- because there was a state-created impediment to timely filing -- or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[15]  Petitioner has made no such showing in this case.  Accordingly,

---

[12] *Shank v. Cain*, 15-4530, 2016 WL 4473193, *6 (E.D. La. Aug. 24, 2016), *citing Martinez v. Ryan, supra.*
[13] *Id.*
[14] *See also, e.g., Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Green v. Cain*, 14-2072, 2015 WL 5060608, *5 (E.D. La. Aug. 25, 2015) ("The equitable ruling in *Martinez* did not encompass, much less excuse, the untimely filing of a federal habeas petition."); *Reynolds v. Stephens*, 13-2728, 2014 WL 2575752, *3 (N.D. Tex. June 9, 2014) (concluding that *Martinez* and *Trevino* address procedural default rather than the limitations period and do not support a petitioner's claim for equitable tolling); *Smith v. Rogers*, 14-0842, 2014 WL 2972884, *1 (W.D. La. July 2, 2014) (same); *Falls v. Cain*, 13-5091, 2014 WL 2702380, at *3 (E.D. La. June 13, 2014) (same).
[15] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

there is no legal or factual basis in the record for a finding that Petitioner is entitled to statutory tolling under this section.

Nor is there any basis in the record for equitable tolling in this case. It is a petitioner's burden to demonstrate that equitable tolling is warranted.[16] The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."[17] The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[18]

Generally, a litigant seeking equitable tolling bears the burden of establishing the following two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[19] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[20] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[21] Further, equitable tolling "is not intended for those who sleep on their rights."[22] Thus, a federal habeas petitioner is required to act with diligence[23] and alacrity both during the

---

[16] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[17] *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).
[18] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).
[19] *Pace*, 544 U.S. at 418.
[20] *Id.* quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[21] *Tate v. Parker*, 439 F. App'x. 375, 376 (5th Cir. 2011) *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[22] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).
[23] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case by case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).

period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts.[24]

Here, Petitioner asks for equitable tolling due to his medical condition, glaucoma.[25] Petitioner attaches medical records showing that he has been diagnosed with glaucoma and was hospitalized for one day for surgery on February 24, 2015.[26] However, Petitioner fails to provide any explanation or proof that his medical condition prohibited him from filing his habeas petition within the one-year statute of limitations. Petitioner provides no explanation as to why his glaucoma caused 730 untolled days to run before his counseled post-conviction application was filed with the state trial court. While, in the right circumstances, a physical malady might support equitable tolling,[27] Petitioner's circumstances do not raise those concerns. Petitioner has not provided evidence to establish that his glaucoma rendered him unable to timely pursue his legal rights during the one-year time period.[28]

Accordingly, equitable tolling is not warranted in this matter and Petitioner's untimely application for habeas corpus relief should be dismissed.

### III.  Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[29] Although Petitioner has

---

[24] *See Ramos v. Director*, 6:09CV463, 2010 WL 774986, *4 (E.D. Tex. Mar. 1, 2010).
[25] R. Doc. 3.
[26] R. Doc. 3-1.
[27] *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).
[28] *See Roberts v. Cockrell,* 319 F.3d 690, 695 (5th Cir. 2003) (fact that petitioner was hospitalized 13 times during one-year limitations period, standing alone, was insufficient to merit equitable tolling). In this case, most of the records submitted by Petitioner in support of his request for equitable tolling are after the one-year time period expired. In fact, only two records appear to be within the time period in question (July 17, 2011 to July 16, 2012): *see*, R. Doc. 3-1, p. 4 (April 4, 2012 and May 7, 2012 progress notes).
[29] 28 U.S.C. § 2253(c)(1)(A).

not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[30] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[31] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[32] In the instant case, reasonable jurists would not debate the denial of Petitioner's application or the correctness of the procedural ruling. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## IV.    Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief be **DENIED** as untimely and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on  August 14, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[31] 28 U.S.C. § 2253(c)(2).
[32] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).